**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**KATHY FIALHO,**

               Plaintiff,

                                                        **Case No. 06-C-1218**

      -vs-

**GIRL SCOUTS OF MILWAUKEE AREA, Inc.,**

               Defendant.

## DECISION AND ORDER

On November 22, 2006, Kathy Fialho ("Fialho") filed a *pro se* complaint against her former employer, Girl Scouts of Milwaukee Area, Inc. ("Girl Scouts"). On November 29, 2006, Magistrate Judge Patricia Gorence evaluated Fialho's complaint pursuant to 28 U.S.C. § 1915(a) and discerned claims for relief under the Age Discrimination in Employment Act ("ADEA") and the Family Medical Leave Act ("FMLA"). Judge Gorence also denied Fialho's motion to appoint counsel without prejudice.

On February 5, 2007, Girl Scouts moved to dismiss Fialho's FMLA claims pursuant to Fed. R. Civ. P. 12(b)(6). Fialho failed to respond in a timely manner. On March 7, 2007, the Court entered an order allowing Fialho additional time to respond to the motion. Fialho eventually responded to the motion to dismiss and renewed her motion to appoint counsel. Fialho also filed a "Petition to Appoint [a] New Court Judge." Finally, Fialho filed a "Rebuttal to Defendant's Answer to Plaintiff's Complaint," which the Court construes as a motion to amend the complaint.

For the reasons that follow, Fialho's motion to amend her complaint is granted; Girl Scouts' motion to dismiss is granted in part and denied in part; Fialho's motion to appoint counsel is denied; and Fialho's petition for a new judge is denied.

## I.     Motion to Amend

In Fialho's "Rebuttal to Defendant's Answer to Plaintiff's Complaint," she expands on certain allegations made in her initial complaint. Accordingly, the Court construes this submission as a motion for leave to file an amended complaint, which is granted. *See* Fed. R. Civ. P. 15(a) (after a responsive pleading has been filed, a party may "amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires").

## II.    Motion to Dismiss

A complaint or claim should be dismissed for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in [her] favor." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). The Court must afford Fialho's *pro se* complaint a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). "The essence of liberal construction is to give a *pro se* plaintiff a break when although [she] stumbles on a technicality, [her] pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

According to the allegations of the complaint, Fialho was in an auto accident on March 17, 2004 and was granted unpaid medical leave under the FMLA. She was cleared to return to work with no restrictions on August 23, 2004. However, she missed work on August 31, 2004 and was terminated on September 1, 2004.

Girl Scouts argues that Fialho fails to properly allege all of the elements of an FMLA claim. However, the notice pleading standard under the federal rules is not so harsh on ordinary litigants, much less a party proceeding *pro se*. A "short and plain statement" exists when the complaint pleads a "bare minimum [of] facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Courts do not require an "exhaustive recitation of the facts or elements of a plaintiff's claim." *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005). The Court cannot dismiss Fialho's FMLA claims on the basis of this pleading technicality.

Girl Scouts also argues that Fialho's FMLA claims are time-barred. The statute of limitations for an "ordinary" FMLA violation – where the plaintiff applied for leave, was entitled to leave, and had her request rejected – is two years. *See* 29 U.S.C. § 2617(c)(1). According to Fialho's complaint, her last day of employment at Girl Scouts was September 1, 2004. The FMLA does not contain an exhaustion requirement, so the limitations period is not tolled by any administrative proceedings.[1] *See Shannon v. City of Philadelphia*, No. 98-5277, 1999 WL 126097 at *5 n.4 (E.D. Pa. March 5, 1999). Because her complaint was filed on November 22, 2006, Fialho's allegations of an ordinary FMLA violation are time-barred.

---

[1] Fialho pursued her claims at the administrative level and received a right-to-sue letter with respect to her ADEA claim.

However, the statute of limitations for "willful" FMLA violations is extended to three years. *See* 29 U.S.C. § 2617(c)(2). Under the Fair Labor Standards Act ("FLSA"), a willful violation exists where the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Courts apply the FLSA standard to FMLA claims. *See Porter v. New York Univ. Sch. of Law*, 392 F.3d 530, 531-32 (2d Cir. 2004) (per curiam); *Hanger v. Lake County*, 390 F.3d 579, 583-84 (8th Cir. 2004).

Girl Scouts argues that Fialho cannot state a claim for a willful FMLA violation because Fialho was on FMLA leave prior to her termination and because her supervisor was actually upset over her termination. Also, Fialho repeatedly states in her "Rebuttal" (amended complaint) that Girl Scouts management was unfamiliar with the FMLA and the proper procedures for processing FMLA claims. For example, Fialho alleges that "Ms Fuerstenau, Ms. Thomas, and Ms. Malm were not even vaguely familiar with the FMLA;" that she has been "treated unfairly due to an uninformed HR department, with insufficient knowledge or no knowledge about FMLA law;" and that "No one at Girl Scouts had a clue about [FMLA] procedure because apparently the issue had never come up before." (Docket No. 22 at 6, 7, 18).

However, these facts do not preclude a claim that Girl Scouts terminated Fialho with knowledge that it was violating the FMLA. Unfamiliarity with proper FMLA procedures does not preclude familiarity with the FMLA in general. Fialho's complaint at least arguably states a claim for retaliation, in that she was apparently attempting to exercise her FMLA rights on the day she was terminated by bringing in a doctor's excuse for her absence. Such a claim

would fall under the FMLA's extended three-year limitations period. *See Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 549 (10th Cir. 1999) (By its very nature, a retaliatory discharge claim requires that plaintiff show that the defendant acted willfully, *i.e.*, that it decided to terminate her employment as a result of retaliatory animus). Accordingly, construing Fialho's *pro se* complaint liberally, the Court cannot accept Girl Scouts' argument that Fialho pled herself out of court with respect to any alleged willful violation of the FMLA.

## III.   Renewed Motion to Appoint Counsel

Fialho renews her request for appointment of counsel. She lists a number of attorneys who have declined to represent her on a *pro bono* basis. Fialho also notes that she does not feel she can adequately represent herself as she is under the care of a physician for post-concussion headaches due to a recent injury.

The decision to appoint counsel in a civil case is within the sound discretion of district courts, and counsel is generally not appointed "unless denial would result in fundamental unfairness, impinging on due process." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967). Ultimately, the Court should reserve its power to appoint counsel to those cases presenting "exceptional circumstances" as determined by an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate her claims *pro se* in light of the complexity of the legal issues involved. *See Farmer v. Hass*, 990 F.2d 319, 322 (7th Cir. 1993).

In all of her filings to date, Fialho has demonstrated the ability to articulate her arguments and theories in a coherent manner – even better than some attorneys who appear before this Court. The legal issues presented by this matter are not complex. It is too early

to give a fair comment on the possible merit of Fialho's claims, although the Court notes that Fialho unsuccessfully pursued her claims – with benefit of counsel – before the Wisconsin Equal Rights Division. (Docket No. 19). Accordingly, the Court will once again deny Fialho's request for a court-appointed attorney. This denial is without prejudice to any future request for appointment of counsel.[2]

## IV. Motion for a New Judge

Fialho requests that a new judge be assigned to this case because she feels that "opposing counsel is exerting unnecessary influence on her . . . without having the Court hear her case." She complains that "opposing counsel is seeking to try her case on paper" and fears that the Court "may have already made a decision on this case." She concludes by stating that she "does not have access to case[law] as that of opposing counsel and therefore is at a disadvantage in citing extensive case law." (Docket No. 24).

All of these issues have nothing to do with whether a new judge should be assigned to Fialho's case. Generally speaking, a judge has an obligation to hear cases before him where there is no legitimate reason for recusal. *See New York City Dev. Corp. v. Hart*, 796 F.2d 976, 980-81 (7th Cir. 1986); *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Two statutory provisions allow litigants to request recusal: 28 U.S.C. § 144 (Bias or prejudice of judge) and 28 U.S.C. § 455 (Disqualification of justice, judge, or magistrate judge). Neither provision is applicable to the concerns expressed by Fialho's motion.

---

[2] By "future request," the Court does not mean to imply that it will reconsider a motion for appointment of counsel in a week or even a month. More likely, the Court will not entertain a renewed request until after the close of discovery and if this matter survives dispositive motions.

Rather, the concerns expressed by Fialho's motion more clearly relate to her request for appointment of counsel. As noted above, this case does not present "extraordinary circumstances" justifying appointment of counsel. While the Court is generally sympathetic to Fialho's *pro se* status, she chose to bring this lawsuit without legal representation and she must deal with the consequences of that choice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Girl Scouts' motion to dismiss [Docket No. 12] is **GRANTED IN PART** and **DENIED IN PART**, consistent with the reasoning set forth in this opinion;

2. Fialho's motion for appointment of counsel [Docket No. 18] is **DENIED**;

3. Fialho's motion to appoint a new judge [Docket No. 24] is **DENIED**;

4. Fialho's motion to amend her complaint [Docket No. 22] is **GRANTED**;

5. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for <u>**July 3, 2007**</u> at **9:30 a.m** (Central Time). Please be available at that time. The Court will initiate the call. Fialho shall provide the Court with a telephone number where she can be reached for this call.

6. The purpose of the conference call will be to establish a Scheduling Order which will limit the time: (1) to join other parties and to amend the pleadings; (2) to file motions; and (3) to complete discovery;

7. The Scheduling order may also include: (1) modifications of the times for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (2)

the date or dates for conferences before trial, a final pretrial conference, and trial; and (3) any other matters appropriate in the circumstances of the case.

8. The time limitations set forth in the Scheduling Order shall not be modified except upon showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b)(6).

9. Special attention should be given to Rule 26(f), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone.

10. Rule 26 also mandates that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents.

11. In addition to the matters specified in subsections (1)-(6) of Rule 26(f), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case, lasting no more than several sentences.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2007.

                **SO ORDERED,**

                **s/ Rudolph T. Randa**
                **HON. RUDOLPH T. RANDA**
                **Chief Judge**